The defense which the defendant here makes is that he was not the owner of the land; that by reason of a decree of this court in a divorce proceeding the land in question belonged to his wife, from whom he was divorced, but whom he afterwards remarried.
It seems to me this case is capable of solution upon the well-known principle of equity jurisprudence, and that is the principle of equitable estoppel. I think clearly the defendant, in view of this contract, can not be heard here to say that he was not the owner of this land. By the decree in question, the court ordered that thirty acres on the south of the tract of land owned by the defendant should be surveyed and set off to the wife as her alimony. It appears from the evidence that there never was any survey made, and consequently, of course, no record thereof. The defendant says that he and his sons measured with a pole, and in this way fixed the place where the fence should be located between his land and that of his wife, and that a fence was constructed at the dividing line so ascertained, but that no record was made of any kind of such measurement.
G. G. Williams, for plaintiff.
F. G. Hector, for defendant.
Now the decree did not, in my opinion, in and of itself, vest in the wife the title to any particular portion of the tract of land, but it provided that the tract of land to be set off to her should be determined by a survey as therein provided. It seems to me this was necessarily a prerequisite to vest title in her to any particular part of this land; that the mere erection of a fence was not notice to the plaintiff company that the title had vested in her. The defendant, by his written contract, represented to the company that he was the owner, as the deed records of this county showed. He also receipted for the consideration. The plaintiff company upon the strength of this contract erected its line.
He afterwards made an assault, it appears from the evidence, upon one of the employes of the plaintiff company who was trimming the trees to prevent interference with the lines. It appears to me upon the plainest principles of equity, when suit was brought to restrain him from such interference, that he can not be heard to say that he did not in fact own the land, but that it belonged to his wife. He can not take advantage of his own wrong, but having received the benefits of his contract, and the company in reliance upon it having erected its line, that he is as I say, upon the plainest principles of equity, estopped from now saying that he did not own the land.
For this reason the finding and decree of the court is in favor of the plaintiff, and the relief prayed for must be granted.